

FILED

John C. Rawls (Cal. State Bar No. 106567)
rocky@bwmtx.com
Valyncia Simmons (Cal. State Bar No. 231099) 2012 FEB -9 PM 12: 22
valyncia@bwmtx.com
Sarah Silbert (Cal. State Bar No. 198594)   CLERK U.S. DISTRICT COURT
sarah@bwmtx.com                              CENTRAL DIST. OF CALIF.
BAKER WILLIAMS MATTHIESEN LLP                LOS ANGELES
1177 West Loop South, Suite 1600
Houston, Texas 77027                         BY _____
Telephone: (713) 888-3535
Facsimile: (713) 888-3550

Attorneys for Plaintiff
iolo technologies, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IOLO TECHNOLOGIES, LLC, a California limited liability company, Plaintiff, v. SYMANTEC CORPORATION, a Delaware corporation; and PC TOOLS, INC., a Delaware corporation; Defendants. | CASE NO.: CV 12 1126 -E COMPLAINT FOR TRADEMARK INFRINGEMENT, VIOLATION OF SECTION 43(a) OF THE LANHAM ACT; UNFAIR COMPETITION; AND COMMON LAW TRADEMARK INFRINGMENT DEMAND FOR JURY TRIAL |

Plaintiff iolo technologies, LLC ("iolo"), for its complaint herein, alleges as follows:

### NATURE OF THE ACTION

1.  iolo is an industry leader in the development, marketing, and sales of "performance optimization" software, which helps personal computers ("PCs") perform to their maximum capabilities. From its inception 13 years ago to the present, iolo has used its distinctive logo ("iolo Logo®") as the primary symbol by

1  which the company and its software products are identified to consumers.  Each of
2  defendant PC Tools, Inc.'s ("PC Tools") products competes directly with iolo
3  products.  Defendant Symantec Corporation ("Symantec") is the parent company
4  of PC Tools.

5       2.    In recent years, PC Tools' retail sales have declined significantly,
6  while iolo has continued to be a market leader.  PC Tools and Symantec
7  (collectively, "Defendants") recently redesigned the packaging for the PC Tools
8  product line to add branding elements that render PC Tools' branding more similar
9  to branding that iolo has used for years.  In particular, the new PC Tools packaging
10 includes a logo (the "Infringing Logo") that is substantially and confusingly similar
11 to iolo's well-known logo ("iolo Logo[®]").  The following drawings of the iolo
12 Logo[®] and the Infringing Logo are taken from iolo's United States Trademark
13 Registration No. 2,549,676 and PC Tools' United States Trademark Application
14 Serial No. 85/387,522, respectively:

iolo Logo[®]                    Infringing Logo

3. Defendants' adoption of the Infringing Logo is no accident. Defendants know that iolo is far and away the most highly-regarded brand of PC performance optimization software in the country; that the iolo Logo® is unique among the trademarks used by the makers of PC performance optimization software; and that creating an association between PC Tools' optimization products and iolo's brand could help Defendants in their efforts to "reboot" the declining PC Tools product line. Plaintiff is informed and believes that Defendants are in the process of shipping PC Tools products bearing the Infringing Logo to major retailers throughout the country, each of which, on information and belief, also carry iolo's products. Thus, PC Tools products bearing the Infringing Logo will be displayed literally side by side on retail shelves with iolo products bearing the genuine iolo Logo®. The inevitable result will be confusion of consumers and irreparable harm to the goodwill iolo has developed in the iolo Logo® over the last 13 years. This action seeks injunctive relief and damages for the harm Defendants' illegal actions have caused and threaten to cause.

## **JURISDICTION AND VENUE**

4. Subject matter jurisdiction over the claims asserted in this complaint is based upon: (i) 28 U.S.C. §§ 1331 and 1338(a), as an action arising under the Lanham Act, 15 U.S.C. §§ 1051 *et. seq.*; and (ii) the principles of supplemental jurisdiction, codified at 28 U.S.C. § 1367, and the provisions of 28 U.S.C. § 1338(b) as an action asserting a claim for trademark infringement and misappropriation joined with a substantial and related claim under the federal trademark laws.

5. Plaintiff is informed and believes, and thereupon alleges, that venue of this action is proper in the district pursuant to 28 U.S.C. § 1391(b) in that, for the purposes of venue, as defined by 28 U.S.C. § 1391(c), Defendants reside in this district, a substantial part of the events or omissions giving rise to plaintiff's claims

occurred in this district, and the property that is the subject of this action is situated in this district.

## THE PARTIES

6. Plaintiff iolo is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located in Los Angeles, California.

7. Plaintiff is informed and believes, and thereupon alleges, that defendant Symantec is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Mountain View, California.

8. Plaintiff is informed and believes that defendant PC Tools is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Mountain View, California. Plaintiff is further informed and believes, and thereupon alleges, that PC Tools is a wholly-owned subsidiary of Symantec.

9. Plaintiff is informed and believes and thereupon alleges that, in doing the acts alleged in this complaint, each defendant was acting in concert with the other and that each defendant is therefore jointly and severally liable for each of the wrongful actions of the other.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### iolo and its Business

10. Founded in 1998, iolo has become a global leader in the development and sale of PC performance optimization software products, which help to repair problems and improve the speed, efficiency, reliability and stability of personal computers. Today, iolo sells PC performance optimization software in 33 countries. More than 30 million people have used iolo products for their PC optimization, security, and/or data recovery needs.

11. iolo's PC performance optimization software products have won hundreds of awards and positive reviews from well-regarded computer publications such as *PC Magazine* and *PC World*. Since 2006, iolo's performance optimization software products have outsold every competing brand of stand-alone performance optimization software through retail channels in the United States. iolo software is available in more than 18,000 retail storefronts, including Wal-Mart, Costco, Target, Staples, Office Depot, and Best Buy. Its software can also be purchased online from major "e-tailers" like Amazon.com and from the online stores of the major retailers who carry iolo products in their "brick and mortar" locations.

## The iolo Logo®

12. The key to iolo's success is the high quality and reputation of its PC performance optimization products, which are closely associated by the public with the iolo name and the iolo Logo®. iolo has used the iolo Logo® continuously since 1998 as a principal identifier of its goods and services. Moreover, the iolo Logo® is the subject of United States Trademark Registration No. 2,549,676, which is "incontestable" within the meaning of 15 U.S.C. § 1065. A true and correct copy of that registration is attached hereto as Exhibit "A."

13. The iolo Logo® has been widely disseminated and is well known among buyers and potential buyers of PC performance optimization software. The iolo Logo® is viewed by consumers over 100 million times per month on the iolo.com website alone. Millions more are exposed to in-store promotional materials and/or iolo products bearing the iolo Logo® at retail outlets every month. The iolo Logo® has become a highly distinctive trademark and identifies iolo in the minds of consumers as the source of the products that bear the iolo Logo®.

**Defendants' Misappropriation and Misuse of the iolo Logo®**

14.     Defendants PC Tools and Symantec have sought to capitalize on iolo's industry-leading reputation for PC performance optimization software by, in effect, stealing iolo's investment in the iolo Logo® and the positive reputation it has acquired.  Defendants' scheme, which is now in the early stages of implementation, threatens to create the false impression that Defendants' PC Tools product line is affiliated with, is endorsed by, and/or originates with plaintiff.

15.     Defendant PC Tools offers a number of PC performance optimization and related products.  In August 2009, defendant Symantec acquired PC Tools.  Symantec is one of America's largest makers of consumer software.  It has long been recognized as an industry leader in the "antivirus" market, primarily through its Norton® product line.

16.     Just a few years ago, PC Tools' software offerings were among the more successful PC performance optimization products on the market.  In January and February of 2009, reports from NPD Group, a leading market research company, showed that PC Tools sold more than 9,000 units per month at retail outlets.  By 2011, however, NPD reported that PC Tools sales fell to an average of 1,757 retail units per month—an over 80% decline over two years—with several months of fewer than 1,000 units reported sold.  In comparison, iolo sold an average of more than 25,300 units per month in 2011 according to NPD.

17.     On a date unknown to iolo, but believed to have been in late 2011, Defendants decided to change the packaging for their PC Tools products.  The new packaging adds the Infringing Logo, depicted above.  The Infringing Logo is substantially and confusingly similar to iolo's well-known iolo Logo®, and is used on products that are directly competitive with iolo's products sold under the iolo Logo®.

18. Moreover, Defendants' new PC Tools packaging includes other design changes that increase the likelihood that consumers will be confused or misled into believing that PC Tools products originate from, or are associated with, iolo's directly competitive products. For example, the packaging of PC Tools Performance Toolkit—the direct competitor to iolo's best-selling System Mechanic® product—was changed so that:

    a.    The new logo is positioned to the left of the company name;

    b.    The new logo is presented in one color and the company name in another;

    c.    The name of the company is presented in all lower case letters using a fine line, sans-serif font that is virtually identical to that used by iolo on all of its packaging, including System Mechanic®; and

    d.    The word "Mechanic" is prominently displayed in the upper half of the front of the box.

19. Moreover, the packaging of PC Tools' Registry Mechanic—a direct competitor of iolo products incorporating registry-repair functions—now prominently features a depiction of interlocking gears on the front of the box directly under the Infringing Logo and Registry Mechanic product name. Gears have long been a prominent feature of iolo's branding of its System Mechanic and System Mechanic Professional products, and iolo owns multiple registered trademarks in which gears are prominently featured. PC Tools' use of this design feature further increases the likelihood that consumers will be confused or misled into believing that PC Tools products originate from, or are associated with, iolo's directly competitive products.

20. Upon learning of Defendants' adoption of the Infringing Logo, iolo contacted Defendants, informed them that the new PC Tools logo and packaging

infringe iolo's trademark rights, and demanded that they cease using the Infringing Logo. To date, however, Defendants have refused to comply with this demand.

21. Plaintiff is informed and believes and thereupon alleges that Defendants chose to use the Infringing Logo with the intent and purpose of misleading consumers and trading off of the goodwill that the iolo Logo® currently enjoys. Absent relief from this Court, plaintiff will suffer irreparable injury, consumers will be misled, and Defendants will profit improperly from their misappropriation of the goodwill that plaintiff has developed in the iolo Logo®.

## First Claim for Relief

### (For Trademark Infringement, 15 U.S.C. § 1114(1))

22. Plaintiff specifically realleges and incorporates by reference each and every allegation contained in each preceding paragraph hereof.

23. iolo owns the exclusive trademark rights and privileges in and to the iolo Logo®. iolo uses the registration symbol "®" on its goods and in advertising associated with the iolo Logo®.

24. Defendants are using a copy or colorable imitation of the iolo Logo® in a manner that is likely to confuse, deceive and/or cause mistake among consumers and therefore infringes plaintiff's rights in the iolo Logo® in violation of 15 U.S.C. § 1114(1).

25. Plaintiff has no adequate remedy at law for Defendants' infringement of the iolo Logo® in that: (i) the iolo Logo® is unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to plaintiff resulting from the infringement are not precisely and fully ascertainable; (iii) the infringement injures and threatens to continue to injure plaintiff's reputation and goodwill; and (iv) the damage resulting to plaintiff from Defendants' wrongful conduct, and the conduct itself, are continuing, and plaintiff

1 would be required to bring a multiplicity of suits to achieve full redress for the
2 injuries caused thereby.

3     26.   Unless restrained, Defendants' infringement of the iolo Logo® will
4 continue to cause irreparable injury to plaintiff, both during the pendency of this
5 action and thereafter. Plaintiff is therefore entitled to an order from this Court
6 preliminarily and permanently enjoining Defendants and their agents, employees
7 and others acting in concert with them, from directly or indirectly infringing the
8 iolo Logo® in any manner, including by using any mark, design or logo that is
9 confusingly similar to the iolo Logo® in connection with the sale, offer for sale,
10 advertising, or promotion of any goods or services.

11     27.   Plaintiff is further entitled to recover damages sustained in
12 consequence of Defendants' wrongful conduct, in an amount to be determined; to
13 recover Defendants' profits; and to recover its attorneys' fees and other costs
14 herein. Based upon the circumstances of the case, including the willful nature of
15 Defendants' conduct, plaintiff is further entitled to recover treble the amount found
16 as actual damages pursuant to 15 U.S.C. § 1117.

## Second Claim for Relief

**(For Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))**

19     28.   Plaintiff specifically realleges and incorporates herein by reference
20 each and every allegation contained in each preceding paragraph hereof.

21     29.   The acts of Defendants alleged herein are likely to cause confusion, or
22 to cause mistake, or to deceive as to the affiliation, connection, or association of
23 Defendants with plaintiff, or as to the sponsorship, endorsement, or approval of
24 Defendants' goods, services or commercial activities by plaintiff. Defendants'
25 actions further misrepresent the nature, characteristics or qualities of defendants'
26 goods, services or commercial activities.

30. Plaintiff has no adequate remedy at law for the foregoing wrongful conduct of Defendants, in that: (i) Defendants' actions damage and threaten to continue to damage plaintiff's unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to plaintiff from Defendants' wrongful actions are not precisely and fully ascertainable; (iii) the wrongful acts of Defendants injure and threaten to continue to injure plaintiff's reputation and goodwill; and (iv) the damage resulting to plaintiff from Defendants' wrongful conduct, and the conduct itself, are continuing, and plaintiff would be required to bring a multiplicity of suits to achieve full compensation for the injuries caused thereby.

31. Unless restrained, the wrongful acts of Defendants will continue to cause irreparable injury to plaintiff, both during the pendency of this action and thereafter. Plaintiff is therefore entitled to an order from this Court preliminarily and permanently enjoining Defendants and their agents, employees and others acting in concert with them, from directly or indirectly: (i) manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product which tends to relate or connect such product or packaging in any way to plaintiff or to any goods or services offered, provided, sold, manufactured, sponsored or approved by, or connected with plaintiff; or (ii) making any false description or representation of origin concerning any goods offered for sale by Defendants, or either of them.

32. Plaintiff is further entitled to recover damages sustained in consequence of Defendants' wrongful conduct, in an amount to be determined, and to recover their attorneys' fees and costs herein.

## Third Claim for Relief

### (For Unfair Competition, California Business and Professions Code §§ 17200, *et. seq.*)

33. Plaintiff specifically realleges and incorporates herein by reference each and every allegation contained in each preceding paragraph hereof.

34. Defendants' actions described above and specifically, without limitation, Defendants' use of the iolo Logo®, and confusingly similar variations thereof, in commerce to advertise, market, and sell PC performance optimization software products throughout the United States and California constitute unlawful trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a).

35. By these actions, Defendants have engaged in unlawful trademark infringement and unfair competition in violation of California Business & Professions Code §§ 17200 *et seq*.

36. Defendants have engaged in unfair conduct likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with plaintiff, or as to the sponsorship, endorsement, or approval of Defendants' goods, services or commercial activities by plaintiff. The harm caused by defendants' use of a copy or colorable imitation of the iolo Logo® far outweighs any benefit defendants' gain through its use.

37. Defendants have engaged in fraudulent conduct by using a copy or colorable imitation of the iolo Logo® in a manner that is likely to confuse, deceive and/or cause mistake among consumers.

38. Defendants' wrongful acts have injured and threaten to continue to injure plaintiff. Among other things, Defendants have realized sales and profits by virtue of their wrongful acts that they would not otherwise have obtained and to which they are not entitled. Moreover, Defendants' conduct has caused damage to

plaintiff by, *inter alia*, infringing and reducing the value of the iolo Logo®. Plaintiff has also incurred and will continue to incur attorneys' fees and other costs in bringing the present action.

39. These wrongful acts by Defendants have caused and will continue to cause plaintiff substantial injury, including diminution of its goodwill, confusion of existing and potential customers, business partners, distributors and affiliates, injury to plaintiff's reputation, and diminution in the value of plaintiff's property. The harm these wrongful acts will cause to plaintiff is both imminent and irreparable, and the amount of damage sustained by plaintiff will be difficult to ascertain if these acts continue. Plaintiff has no adequate remedy at law for the wrongful actions of Defendants.

40. Plaintiff is entitled to an order of this Court preliminarily and permanently enjoining Defendants and their agents, employees and all others acting in concert with them from directly or indirectly committing such unfair, unlawful and/or fraudulent business practices. Plaintiff is further entitled to restitution of any monies which may have been acquired by Defendants by means of such unfair, unlawful and/or fraudulent business practices, in an amount to be determined, as well as restitution of all profits and gains wrongfully received by Defendants.

## Fourth Claim for Relief

### (For Common Law Trademark Infringement and Unfair Competition)

41. Plaintiff specifically realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs hereof.

42. Plaintiff has widely advertised and used the iolo Logo® to identify iolo's goods and services. By virtue of such advertising and use, the iolo Logo® has come to identify iolo as the source of goods and services marketed under the

1  iolo Logo®, and such mark has come to represent valuable goodwill which is owned by plaintiff.

43. Defendants' deliberate creation and use of the Infringing Logo, which is substantially and confusingly similar to the iolo Logo®, is without the permission of plaintiff, and constitutes common law trademark infringement and unfair competition and are unlawful.

44. By reason of Defendants' above-described unlawful activities, plaintiff has sustained injury, damage and loss and Defendants have been unjustly enriched. Plaintiff has already suffered irreparable harm, and will continue to be irreparably damaged unless this Court enjoins Defendants from continuing their unlawful acts. Plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff iolo prays for judgment against Symantec and PC Tools as follows:

1. On each and every Claim for Relief alleged herein, for damages according to proof;

2. On each and every Claim for Relief alleged herein, for temporary, preliminary and permanent injunctive relief as hereinabove described;

3. For its costs of suit herein, including its reasonable attorneys' fees; and

//
//
//
//
//
//
//
//

4. For such other, further or different relief as this Court may deem just and proper.

Dated: February 9, 2012             BAKER WILLIAMS MATTHIESEN LLP


By: *[signature: Sarah Silbert]*
John C. Rawls
Valyncia Simmons
Sarah Silbert
Attorneys for Plaintiff
IOLO TECHNOLOGIES, LLC

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), plaintiff hereby demands trial by jury of all issues so triable that are raised herein or which herein after may be raised in this action.

Dated: February 9, 2012

BAKER WILLIAMS MATTHIESEN LLP

By: *[signature: Sarah Silbert]*

John C. Rawls
Valyncia Simmons
Sarah Silbert
Attorneys for Plaintiff
IOLO TECHNOLOGIES, LLC

John C. Rawls, CSB No. 106567; Valyncia Simmons,
CSB No. 231009; Sarah Silbert, CSB No. 198594
BAKER WILLIAMS MATTHIESEN LLP
1177 West Loop South, Suite 1600
Houston, Texas 77027
Tel: (713) 888-3535; Fax: (713) 888-3550

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IOLO TECHNOLOGIES, LLC, a California Corporation,<br><br>PLAINTIFF(S)<br>v.<br>SYMANTEC CORPORATION, a Delaware Corporation; and PC TOOLS, INC., a Delaware Corporation,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV 12 1126 -E**<br><br>SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __John C. Rawls_____, whose address is __Baker Williams Mattiesen LLP, 1177 West Loop South, Ste. 1600, Houston, Texas 77027__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: FEB - 9 2012

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

John C. Rawls, CSB No. 106567; Valyncia Simmons, CSB No. 231009; Sarah Silbert, CSB No. 198594
BAKER WILLIAMS MATTHIESEN LLP
1177 West Loop South, Suite 1600
Houston, Texas 77027
Tel: (713) 888-3535; Fax: (713) 888-3550

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

IOLO TECHNOLOGIES, LLC, a California Corporation,

PLAINTIFF(S)

v.

SYMANTEC CORPORATION, a Delaware Corporation; and PC TOOLS, INC., a Delaware Corporation,

DEFENDANT(S).

CASE NUMBER

CV 12 1126 - E

SUMMONS

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, John C. Rawls, whose address is Baker Williams Mattiesen LLP, 1177 West Loop South, Ste. 1600, Houston, Texas 77027. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: FEB - 9 2012

By: MARILYN DAVIS
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11) SUMMONS

COPY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
IOLO TECHNOLOGIES, LLC, a California corporation

**DEFENDANTS**
SYMANTEC CORPORATION, a Delaware Corporation; and PC TOOLS, INC., a Delaware Corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
John C. Rawls, CSB No. 106567; Valyncia Simmons, CSB No. 231009; Sarah Silbert, CSB No. 198594, BAKER WILLIAMS MATTHIESEN LLP, 1177 West Loop South, Suite 1600, Houston, Texas 77027, (713) 888-3535

**Attorneys (If Known)**
Jedediah Wakefield
Fenwick & West LLP
555 California St., 12th Floor
San Francisco, California 94104

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ to be determined; preliminary inj.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark infringement, 15 U.S.C. s 1114(1); Copyright infringement, 17 U.S.C. s. 101 et seq.; Unfair Competition, Cal. Bus. & Prof. Code s. 17200 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☒ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

**CV12 1126**

FOR OFFICE USE ONLY: Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Santa Clara County (both defendants) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Sarah Sttrsd_ Date _February 9, 2012_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |